IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LARRY J. McCAULEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | **MEMORANDUM DECISION and REMAND ORDER**<br><br>Case No. 2:08cv00722-DN<br><br>Magistrate Judge David Nuffer |

　　　　Plaintiff, Mr. Larry J. McCauley, appeals the denial of his claim for Disability Insurance benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). For the reasons outlined below, the Commissioner's decision is REVERSED and REMANDED.

　　　　In connection with a claim for Supplemental Security Income ("SSI"), Mr. McCauley was found disabled by the Social Security Administration as of January 1, 2002. That finding is not in dispute. For the purpose of establishing eligibility for Disability Insurance Benefits ("DIB"), Plaintiff argues he became disabled on August 25, 1999, a date prior to December 31, 2000, which is his date last insured. Therefore, the issue in the case is not whether Mr. McCauley is disabled but rather when he became disabled. There was no discrete event in January 2002 that caused Mr. McCauley to become disabled at that time. That date was chosen because it is when Mr. McCauley filed for SSI benefits. (Tr. 36). Disability benefits are not payable prior to the date of an SSI application.

For purposes of Mr. McCauley's DIB application, an onset date must be established. Mr. McCauley's primary medical condition, degenerative joint disease of the knees, is a condition that has gradually worsened and was not caused by a discrete event. In such an instance, and given the nature of the medical evidence in his case, an onset date must be inferred. Under such circumstances, Social Security Ruling 83-20, entitled Onset of Disability, provides as follows:

> How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

The Tenth Circuit has further stated that an ALJ is *obligated* to call a medical expert when the onset of a disabling condition is to be inferred:

> [O]ur precedent clearly establishes that where "medical evidence of onset is ambiguous," an ALJ is obligated to call upon the services of a medical advisor. Reid v. Chater, 71 F.3d 372, 374 (10th Cir.1995); see also Grebenick, 121 F.3d at 1201 ("If the medical evidence is ambiguous, and a retroactive inference is necessary, SSR 83-20 requires the ALJ to call upon the services of a medical advisor to insure that the determination of onset is based upon a 'legitimate medical basis.' "); see also, Bailey v. Chater, 68 F.3d 75, 79 (4th Cir.1995) ("[I]f the evidence of onset is ambiguous, the ALJ must procure the assistance of a medical advisor in order to render the informed judgment that the Ruling requires."). Proceedings before an ALJ are not inquisitorial; rather, "[a]n ALJ [has] a duty to develop a full and fair record, and therefore must consult a medical advisor" when evidence of onset is ambiguous. See Henderson v. Apfel, 179 F.3d 507, 513 (7th Cir.1999) (internal quotation marks omitted). "In the absence of clear evidence documenting the progression of [the claimant's] condition, the ALJ [does] not have the discretion to forgo consultation with a medical advisor." Bailey, 68 F.3d at 79.

*Blea v. Barnhart*, 466 F.3d 903, 911-912 (10th Cir. 2006). Again, because there is no discrete event which caused Mr. McCauley's disability and his disability was caused by a combination of long-term progressive impairments, the ALJ was required to procure the assistance of a medical

2

advisor in order to properly infer an onset date of his disability. The ALJ's failure to do so was error.

The ALJ also erred in making negative inferences based on the lack of medical records during the critical time period. Negative inferences based on a lack of medical records are what *Blea* prohibits. In *Blea*, the claimant did not seek any medical treatment for an eighteen month period that included his date of last insured. *Id.* at 912-13. Consequently, there were no contemporaneous records for the ALJ to review. Under those circumstances, the Tenth Circuit held that the ALJ could not draw negative inferences from the lack of medical records. *Id.* at 912.

Here, by the ALJ's own admission, there is only one brief contemporaneous medical record to be considered for the critical time frame and the ALJ makes negative inferences on the lack of medical records. The ALJ states in his decision:

> [D]uring the years 1999 to 2001 (AOD 8/99 and DLI 12/00) the medical record is very sparse, with essentially no clinical visits in 2001, no clinical visits in 2000 (just form 1 completions by a physician's assistant), and in 1999 just one visit for SSA disability purposes with Dr. Gordon in August, on the AOD date). The lack of supportive objective evidence over this critical 3 year time period is the main theme of the detailed discussion and analysis that follows. Claimant's alleged symptoms and limitations, therefore, are not reasonably consistent with the objective medical evidence, and it would appear that during this time period he would have performed the limited range of light work noted above. If such were not the case, surely he would have sought and obtained significant medical treatment during this critical time period.

R. 41-2. Further in the decision, the ALJ continues to make negative inferences based on the lack of medical records, stating:

> The claimant testified he has had access to doctors when needed since he last worked in 1995. However, the record indicates significant gaps in treatment despite the reported severity of impairments.

R. 52.

In this case, as in *Blea*, with respect to the onset date of a disability, the ALJ "may not make negative inferences from an ambiguous record; rather, it must call a medical advisor pursuant to SSR 83-20." *Blea*, 466 F.3d at 913.  "[T]he issue of whether the ALJ erred by failing to call a medical advisor turns on whether the evidence concerning the onset of [the claimant's] disabilities was ambiguous, or alternatively, whether the medical evidence clearly documented the progression of his conditions." *Id.* at 912.  Here, the ALJ found that the medical evidence was lacking did not document the progression of McCauley's condition.  Accordingly, under SSR 83-20 he was required to call a medical advisor rather than make negative inferences.

## ORDER

Therefore, IT IS HEREBY ORDERED that pursuant to sentence four of 42 USC § 405(g) the Commissioner's decision denying Mr. McCauley's application for Disability Insurance benefits is REVERSED and REMANDED for further administrative proceedings in which the administrative law judge shall call a medical expert at a hearing to address the issue of the date of onset of his disabling condition.  IT IS FURTHER ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in Shalala v. Schaefer, 509 US 292, 296-302 (1993).

DATED this 11th day of September, 2009.

_____
Magistrate Judge David Nuffer
United States District Court

4